IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JULIE MORSE**,

               Plaintiff                                     Civil No. 10-244-MO

        v.                                         **OPINION AND ORDER**

**MICHAEL J. ASTRUE**,
Commissioner of Social Security,

               Defendant.

**MOSMAN, J.,**

       Plaintiff Julie Morse ("Morse") challenges the Commissioner's decision finding her not disabled and denying her application for Supplemental Security Income ("SSI"). I have jurisdiction under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is AFFIRMED.

       I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and that his findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

## BACKGROUND

Ms. Morse applied for SSI on June 7, 2004, alleging disability due to fibromyalgia since December 31, 2001.  AR 63-70.[1]  The Commissioner denied this application initially and upon reconsideration.  AR 232-53.  An Administrative Law Judge ("ALJ") held a hearing on July 20, 2006 (AR 232-53), and subsequently found Ms. Morse not disabled on September 26, 2006.  AR 15-30.

Ms. Morse appealed to this court; on June 17, 2008, this court remanded the matter for further proceedings.  AR 272-73.  Following this court's remand order, the Appeals Council instructed the ALJ to clarify his findings regarding Ms. Morse's alleged mental impairments and the opinion of examining psychologist Dr. Truhn, and to make findings consistent with the Dictionary of Occupational Titles. AR 280-81.  The ALJ accordingly held a second hearing on February 2, 2009 (AR 337-68), and again found Ms. Morse not disabled on March 25, 2009.  AR 263-75.

## ANALYSIS

Ms. Morse now contends that the ALJ erroneously evaluated the opinions of treating physician Dr. Whitsel and examining psychologist Dr. Truhn, and erroneously evaluated her residual functional capacity ("RFC").  Ms. Morse also claims that the ALJ should have developed the record.

### I.    Medical Source Statements

The ALJ found treating physician Dr. Whitsel's opinion (Ex. 12F) unsupported by medical source observations and based upon Ms. Morse's own testimony.  AR 268.  The ALJ also rejected the opinion of examining psychologist Dr. Truhn in favor of the opinion of medical expert Dr. Crossen.  AR 268-69.  Ms. Morse asserts that both finding are erroneous.

---

[1]Citations "AR" refer to the indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer on July 28, 2010 (Docket # 16).

A.        **Standards: Medical Source Statements**

Disability opinions are reserved for the Commissioner.  20 C.F.R. § 416.927(e)(1).  If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician.  *Id.*  But, if two medical source opinions conflict, an ALJ must only give "specific and legitimate reasons" for discrediting one opinion in favor of another.  *Id.* at 830.  The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

B.        **Analysis: Medical Source Statements**

a.        **Treating Physician Dr. Whitsel**

Ms. Morse submits that the ALJ erroneously evaluated Dr. Whitsel's treatment notes, and a statement made in a February 9, 2009, letter submitted to the record.

i.        **Dr. Whitsel's Treatment Notes**

The record before this court shows that general practitioner Dr. Whitsel treated Ms. Morse on eight occasions between May 18, 2004, and December 13, 2007.  AR 207, 209-17, 322, 323, 329.  During this time Dr. Whitsel noted that Ms. Morse "carried" a fibromyalgia diagnosis, without directly making this diagnosis herself.  *Id.*  Dr. Whitsel diagnosed chronic pain syndrome in Ms. Morse's back and neck.  *Id.*

The ALJ cited Dr. Whitsel's records.  AR 268 (citing Ex. 12F).  The ALJ noted that these records showed Ms. Morse's complaints of muscle spasms, pain, and fatigue with mild findings

upon examination and normal laboratory studies. *Id.* The ALJ also noted that Ms. Morse received only conservative treatment and that the record did not provide objective support for Ms. Morse's complaints. *Id.*

The ALJ also noted that the medical evidence, including Dr. Whitsel's opinion, was based in large part upon Ms. Morse's testimony. AR 268. The ALJ may reject a physicians testimony to the extent it is predicated upon the testimony of a claimant deemed not credible. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ found Ms. Morse's testimony unsupported by the record (AR 268), and Ms. Morse does not challenge this finding.

Omissions by the ALJ that do not effect the ALJ's ultimate disability determinations are harmless. *Carmickle v. Comm'r*, 533 F.3d 1155, 1162 (9th Cir. 2008). For the reasons above, any omission made by the ALJ regarding Dr. Whitsel's treatment record does not establish that Ms. Morse is disabled. Any omission by the ALJ is therefore harmless.

### ii.    Dr. Whitsel's February 9, 2009, Statement

Ms. Morse now asserts that the ALJ failed to properly review Dr. Whitsel's statement made to her attorney, signed on February 9, 2009. Pl.'s Opening Br. 9. The Commissioner concedes that the ALJ did not directly cite this letter, and argues that the omission should constitute harmless error. Def.'s Br. 7.

Ms. Morse submitted records from Dr. Whitsel to the ALJ on February 19, 2009, following her February 3, 2009, hearing. AR 330. The Commissioner received these documents on February 28, 2009. *Id.* They show that Ms. Morse's counsel wrote to Dr. Whitsel on February 7, 2007. AR 331. Ms. Morse's counsel described Ms. Morse's testimony at her July 20, 2006, hearing regarding her back, shoulder, and neck pain complaints. AR 331. The letter reads, "You believe Ms. Morse

is a reliable and consistent historian, and also that she experiences the problems she described at hearing.  You also believe her level of limitations she described are consistent with her treatment, history, and conditions treated." *Id.*  Dr. Whitsel signed this statement on February 9, 2009.  *Id.* Notably this date reflects a two-year intermission between the date of the letter and the date of Dr. Whitsel's signature.

Dr. Whitsel's February 9, 2009, statement simply reiterates Ms. Morse's hearing testimony. AR 331.  Because the ALJ found Ms. Morse's testimony not credible, again, he was not obligated to accept recitation of it in the medical record.  *Tonapetyan*, 242 F.3d at 1149.

The February 9, 2009, letter also contains no reference to clinical findings relating to Ms. Morse's disability claim, and was accompanied only by chart notes describing a chicken pox episode. AR 322-23.  The ALJ may also reject physician opinions unsupported by clinical notes or findings. *Bayliss*, 427 F.3d at 1216.  The ALJ's omission of this letter and the accompanying chart notes was again inconsequential to Ms. Morse's disability determination.  As noted, such omissions are harmless.  *Carmickle*, 533 F.3d at 1162.

In summary, Ms. Morse fails to reversible error regarding Dr. Whitsel's opinion.

### b.    Examining Psychologist Dr. Truhn and Medical Expert Dr. Crossen

Psychologist Dr. Truhn evaluated Ms. Morse for Disability Determinations Services ("DDS")[2] on January 16, 2006.  AR 223-30.  Medical expert and psychologist Dr. Crossen addressed Dr. Truhn's testimony at Ms. Morse's February 3, 2009, hearing.  AR 351-58.  The ALJ concurrently discussed both opinions, AR 268-69, and Ms. Morse now asserts that this discussion improperly

---

[2]DDS is a federally-funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a) and 20 CFR § 416.903.

rejected Dr. Truhn's opinion.  Pl.'s Opening Br. 14.  Ms. Morse also asserts that this alleged error establishes that the ALJ failed to develop the record; this assertion is separately addressed below.

### i.    Dr. Truhn's Opinion

Dr. Truhn conducted a clinical examination and interview, and diagnosed late onset dysthymic disorder, anxiety disorder, and a rule-out diagnosis of pain disorder "associated with both psychological factors and a general medical condition."  AR 227.  Dr. Truhn noted Ms. Morse's own report that she is unable to work due to pain and poor concentration, but assessed no work-related limitations of his own.  AR 228.

### ii.    Dr. Crossen's Testimony

Dr. Crossen testified at Ms. Morse's second hearing, on February 3, 2009.  AR 351-58.  Dr. Crossen testified that Dr. Truhn's test results addressing Ms. Morse's concentration abilities were inconsistent, and that Dr. Truhn's conclusions regarding Ms. Morse's limitations in concentration were unsupported by his opinion.  AR 354.  Dr. Crossen also noted that Ms. Morse's prior mental status tests, showing that she learned tasks quickly and made few errors, were inconsistent with Dr. Truhn's opinion.  *Id.*  Finally, Dr. Crossen testified that pervious evaluation showed that Ms. Morse demonstrated adequate social skills and superior efficiency.  AR 355.

### iii.    The ALJ's Findings

The ALJ concurrently discussed the opinions of Drs. Truhn and Crossen.  AR 268-69.  The ALJ cited Dr. Truhn's mental status examination finding that Ms. Morse was "within fairly normal limits."  AR 268.  The ALJ then noted Dr. Crossen's testimony that Dr. Truhn's opinion was internally contradictory and predicated upon Ms. Morse's own testimony.  *Id.*

The record shows that Dr. Truhn's administered several memory tests.  AR 223.  Dr. Truhn

first reported that Ms. Morse took thirty seconds to attempt counting backwards in serial sevens, that she correctly identified Presidents Bush, Clinton, Bush, Reagan, and Carter, and that she "was able to accomplish other tasks of general fund of knowledge and long term memory to an *average* level of abilities . . . ." *Id.* (emphasis added).   However, Dr. Truhn immediately repeated the same language, but found that Ms. Morse had "low average" abilities for the same task.   *Id.*   This discrepancy may represent a word-processing error.   Dr. Truhn finally found that Ms. Morse had "borderline" abilities in counting backwards in single digits.   AR 223.

Dr. Crossen noted this contradiction between Ms. Morse's attempts to count backwards in Dr. Truhn's examination and Dr. Truhn's remaining test results.   AR 354-55.   Dr. Crossen testified that this result was not consistent with other testing in the record showing that Ms. Morse could do normal mental math, complete sequences of serial threes, and remember two out of three objects after five minutes.   AR 354.

The ALJ's citation to Dr. Crossen's opinion, and Dr. Crossen's opinion that Dr. Truhn's opinion was internally inconsistent and inconsistent with the remaining record is thus supported by the record.   The ALJ must give "clear and convincing reasons" for rejecting a physician opinion only where it is uncontradicted.   *Lester*, 81 F.3d at 830.   Because Dr. Truhn's opinion was contradicted by other evidence of record, the ALJ was only required to give "specific and legitimate" reasons for rejecting it.   *Id.*

While a reviewing physician opinion alone may not constitute substantial evidence rejecting a treating or examining source opinion, *id.* at 831, the ALJ's analysis of Dr. Truhn's opinion was not confined to Dr. Crossen's testimony.   The ALJ noted that Dr. Truhn's opinion was internally contradictory, and that his prognosis was based upon Ms. Morse's reports of chronic pain.   AR 268.

These citations, in addition to Dr. Crossen's testimony, constitute sufficient reasons for rejecting Dr. Truhn's opinion.

The court further notes that Dr. Truhn did not specify work-related limitations stemming from Ms. Morse's alleged concentration difficulties. In summary, the ALJ's findings regarding Dr. Truhn and Dr. Crossen should be affirmed.

## II.    Residual Functional Capacity Evaluation

Ms. Morse argues that the ALJ "erroneously omitted" limitations from her RFC. Pl.'s Opening Br. 10. Ms. Morse does not cite specific limitations, instead referring the court to Dr. Whitsel's opinion and her own testimony regarding her alleged limitations. The ALJ's RFC assessed postural limitations and limited Ms. Morse to unskilled work "due to mental and pain issues." AR 267.

### A.    Standards: Residual Functional Capacity

A claimant's RFC is the most she can do in spite of her impairments. 20 C.F.R. § 416.945(a). In construing a claimant's RFC, the ALJ considers a claimant's medical record and symptom testimony, as well as statements by lay witnesses. 20 C.F.R. § 416.945(a)(3).

### B.    Analysis

Ms. Morse first asserts that the ALJ improperly omitted limitations described by Dr. Whitsel. The ALJ's findings regarding Dr. Whitsel's opinion are affirmed for the reasons above and will not be discussed again.

Ms. Morse also asserts that her own testimony should be credited in this court's review of her RFC assessment. Pl.'s Opening Br. 10-11. She does not otherwise challenge the ALJ's credibility determination. This court has discretion to credit a claimant's testimony when three

specific conditions are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000 (quoting *Smolen v. Chater,* 80 F.3d 1273, 1292 (9th Cir. 1996)). None of these conditions are present. Ms. Morse does not acknowledge this standard, much less apply it. This submission fails.

Ms. Morse also asserts, without explanation or citation to legal authority or the record, that the ALJ should have found further RFC restrictions in a "diligent evaluation of all impairments and physician statements." Pl.'s Opening Br. 11. Ms. Morse fails to establish that the ALJ improperly evaluated any physician statement or impairment. This argument also fails.

### III.    The ALJ's Duty to Develop the Record

Finally, Ms. Morse asserts that the ALJ failed to develop the record regarding her alleged mental impairments.

#### A.    Standards: The ALJ's Duty to Develop the Record

The claimant bears the burden of proving that she is disabled. *Bayliss*, 427 F.3d at 1217 (quoting *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999)). The claimant must provide evidence relating to her impairments and their severity. 20 C.F.R. § 416.912(a), (c). The ALJ has a duty to develop the record when the claimant's onset date is ambiguous, *Armstrong v. Comm'r*, 160 F.3d 587, 590 (9th Cir. 1998), or when the record is too inadequate for the Commissioner to make a proper disability determination. 20 C.F.R. § 416.913(e); *Bayliss*, 427 F.3d at 1217.

#### B.    Analysis

Ms. Morse asserts that, while the ALJ consulted Dr. Crossen, the ALJ also "should have had

[Ms. Morse] evaluated." Pl.'s Opening Br. 12.  This submission pertains to Ms. Morse's alleged mental impairments.  Ms. Morse provides no explanation for this assertion.

The record contains a consultative DDS evaluation by Dr. Truhn (AR 223-28), as discussed above, and the reports of various treating physicians throughout the period under review.  These sources do not state that Ms. Morse has mental limitations requiring further evaluation or development.  No authority directs an ALJ to obtain sequential consultative examinations simply to reach a result more favorable to the claimant.  Further, the claimant bears the burden of establishing disability and providing evidence thereof.  20 C.F.R. § 416.912(a), (c).  Finally, there is no ambiguity regarding Ms. Morse's alleged onset date.  For all of these reasons, Ms. Morse fails to show that the ALJ failed to adequately develop the record.

## CONCLUSION

In conclusion, Ms. Morse fails to show that the ALJ made reversible error in evaluating the medical evidence, erroneously assessed her RFC, or failed to develop the record.  The ALJ's decision is based upon the record and the correct legal standards and is therefore AFFIRMED.

IT IS SO ORDERED.

Dated this _18_ day of February, 2011.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge

PAGE 10 - OPINION AND ORDER